UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| James Trevor Mawer, <br>     Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | |
| DaimlerChrysler Corp. and Pagan-Lewis Motors, Inc., <br>     Defendants. | § <br> § <br> § <br> § | C.A. No. C-06-154 |
| DaimlerChrysler Corp., <br>     Third-Party Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | |
| Kayt Sain, <br>     Third-Party Defendant. | § <br> § | |

**<u>MEMORANDUM OPINION AND ORDER GRANTING KAYT SAIN'S MOTION TO STAY AND APPROVING SETTLEMENT OF KAYT SAIN'S MOTION FOR SANCTIONS</u>**

Before the Court is third-party defendant Kayt Sain's motion to stay (D.E. 19). Ms. Sain is a private in the Unites States Army on active duty, currently stationed in Germany. She makes her motion to stay under the Servicemembers Civil Relief Act (the Act). 50 App. U.S.C. §§ 501-596.

Plaintiff James Mawer (Mawer) brought causes of actions against defendant/third-party plaintiff DaimlerChrysler Corp. (DaimlerChrysler) and defendant Pagan-Lewis Motors, Inc. (Pagan-Lewis) for products liability and negligence, claiming that the failure of the seatbelt in his 2000 Jeep Wrangler during an accident caused him serious injuries.

DaimlerChrysler then brought claims against Pvt. Sain for negligence and contribution, claiming that Pvt. Sain was the sole cause, or a contributing cause, of Mawer's injuries.

Pvt. Sain has requested a stay under Section 522 of the Act. A court has authority to grant such a stay "at any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party . . . ." 50 App. U.S.C. § 522(b)(1). The length of the stay may be ordered for the period of military service plus 90 days thereafter. 50 App. U.S.C. § 525(a). "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *U.S. v. Bomar*, 8 F.3d 226, 231 (5th Cir. 1993) (interpreting an earlier version of the Act). Pvt. Sain has provided the Court with a copy of her orders deploying her to Germany. She has also provided a letter indicating that her deployment will last for at least a year and that she will be unable to obtain leave during this time to properly defend herself against DaimlerChrysler's action. Based on these materials, the Court finds that Pvt. Sain is entitled to the protections granted by the Act.

Accordingly, the Court hereby stays DaimlerChrysler's action against Pvt. Sain for the period of Pvt. Sain's military service and 90 days thereafter. Mawer's action against DaimlerChrysler and Pagan-Lewis is not affected by this order and remains active.

Also before the Court is Pvt. Sain's oral motion for sanctions against DaimlerChrysler. The basis for Pvt. Sain' motion for sanctions is the emergency trip she made from her station in Germany to Corpus Christi, Texas in order to attend the initial pretrial conference in this matter. Pvt. Sain claims that she was led to believe by counsel

for DaimlerChrysler that her motion to stay was going to be denied and that she had to appear before the Court. DaimlerChrysler denies these allegations. The motion for sanctions was not litigated. Instead, the parties reached a settlement whereby DaimlerChrysler, while denying any wrongdoing, agreed to pay the expenses and costs of Pvt. Sain' travel to the Corpus Christi as well as her reasonable attorneys fees in this matter. DaimlerChrysler is ordered to pay this amount, which is not to exceed four thousand dollars, by August 15, 2006.

Ordered this \_\_\_\_7\_\_\_\_ day of \_\_\_\_August\_\_\_\_, 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE