UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| James Trevor Mawer,<br>    Plaintiff,<br><br>v.<br><br>DaimlerChrysler Corp. and Pagan-Lewis Motors, Inc.,<br>    Defendants.<br><br>DaimlerChrysler Corp.,<br>    Third-Party Plaintiff,<br><br>v.<br><br>Kayt Sain,<br>    Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   C.A. No. C-06-154<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

      Before the Court is plaintiff James Mawer's (Mawer) motion to remand (D.E. 11). For the reasons stated below, the Court finds that it lacks subject-matter jurisdiction over this action and grants Mawer's motion.

      Mawer claims that the failure of an allegedly defective seatbelt in his 2000 Jeep Wrangler caused him serious injuries. According to Mawer's complaint, the Jeep was manufactured by defendant DaimlerChrysler Corp. (DaimlerChrysler) and sold to him by defendant Pagan-Lewis Motors, Inc. (Pagan-Lewis). The case was removed to this Court by DaimlerChrysler on March 31, 2006 and Mawer filed his motion to remand on May 1, 2006. Pagan-Lewis and Mawer are both citizens of Texas, whereas DaimlerChrysler is a

Delaware corporation with its principal place of business in Michigan. In its removal petition, DaimlerChrysler argues that Pagan-Lewis, a local car dealership, was improperly joined by Mawer. If Pagan-Lewis were found to be improperly joined, than diversity would be established and the Court would have subject-matter jurisdiction. 28 U.S.C. § 1332. Otherwise, the Court would be forced to remand. Therefore, the question before the Court is whether or not Pagan-Lewis is a proper party to this action.

As the party seeking removal, DaimlerChrysler bears a heavy burden of proving the improper joinder of Pagan-Lewis. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2005)(en banc). Improper joinder can be proven by demonstrating either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. at 573. DaimlerChrysler does not allege that Mawer committed fraud. Rather, DaimlerChrysler seeks to establish improper joinder by showing that there is no possibility that Mawer will be able to recover against Pagan-Lewis.

A court may resolve the question of improper joinder in one of two ways. Courts typically will conduct a "Rule 12(b)(6)-type" analysis, looking at the allegations of the complaint to determine whether it states a claim against the in-state defendant. *Id*. ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.") Sometimes, however, a court will encounter a case in which a plaintiff has stated a claim but has misstated or omitted certain discrete facts that would determine the propriety of joinder. In these cases, which are "hopefully few in number," the court may,

at its discretion, pierce the pleadings and conduct a summary inquiry. *Id*. A summary inquiry is only appropriate to identify the presence of "discrete and undisputed facts" that would preclude the plaintiff's recovery against the in-state defendant. *Id*. at 573-574.

DaimlerChrysler argues that Pagan-Lewis cannot be held liable to Mawer because it is a non-manufacturing seller of automobiles. Under Texas law, non-manufacturing sellers of goods are protected against liability from harm caused by the products they sell. Tex. Civ. Prac. & Rem. Code § 82.003 (Vernon 2005). This protection is limited, however. If a non-manufacturing seller has knowledge of a defect at the time a product is sold, than it can be held liable for injuries caused by that defect. § 82.003(6)(A). Mawer argues that the dealership can be held liable because it had knowledge of the alleged defect at the time the Jeep was sold. DaimlerChrysler argues, in turn, that Pagan-Lewis did not have knowledge.

As evidence that Pagan-Lewis did not have knowledge of the alleged seatbelt defect, DaimlerChrysler provides the Court with the affidavit of Christopher Archibald, the general manager of Pagan-Lewis. Archibald states that "Pagan-Lewis Motors, Inc. did not actually know of any defect in (Mawer's) 2000 Jeep Wrangler Sahara at the time of sale." Nowhere in his affidavit, however, does Archibald explain how he reached this conclusion. He does not describe how his duties put him in a special position to attest to the knowledge of Pagan-Lewis as to this issue; nor does he represent that he spoke to all or any of the other officers and directors of Pagan-Lewis prior to giving his affidavit. As such, the Court finds the affidavit unpersuasive. Furthermore, DaimlerChrysler fails to

offer any additional evidence to bolster its contention that Pagan-Lewis was not aware of the alleged defect. DaimlerChrysler could have presented the Court with an affidavit from the manager of the Pagan-Lewis service department stating whether or not this particular type of seatbelt had to be frequently repaired or replaced. DaimlerChrysler could have presented the Court with an affidavit from an officer of Pagan-Lewis describing whether the company had been sued over the alleged seatbelt defect prior to the sale of Mawer's Jeep and/or whether the Pagan-Lewis managers had conducted meetings regarding the seatbelt defect prior to that time. DaimlerChrysler also could have provided the Court with an affidavit from its own corporate representative stating whether or not DaimlerChrysler circulated any service bulletins or recall notices, or hosted any sales conferences, about the alleged defect during the relevant time period. However, because DaimlerChrysler only provided a single, conclusory affidavit, the Court finds that it has failed to show that Pagan-Lewis' knowledge of the defect at the time the Jeep was sold is a discrete and undisputed fact.

    Accordingly, the Court resolves this matter by conducting a Rule 12(b)(6)-type analysis. Examining Mawer's complaint, the Court cannot find that there is no possibility that he will be able to recover against Pagan-Lewis. Mawer pleads that Pagan-Lewis had knowledge of the defect at the time the Jeep was sold. This alleged knowledge would fit the exception to Section 82.003 and allow Mawer to proceed against Pagan-Lewis, despite Pagan-Lewis' status as a non-manufacturing seller. Therefore, the Court finds

that Pagan-Lewis is a proper party.  As such, diversity is not complete between the parties and this case must be remanded to state court.

Because the Court does not have subject-matter jurisdiction over this action, the Court hereby orders that this case be remanded, pursuant to 28 U.S.C. § 1447 (c), to the Nueces County Court at Law Number 3, Nueces County, Texas.

ORDERED this ____10____ day of ____August____, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE